**Donald J. STAFFORD, et al., Appellants,**

v.

**Horace JACKSON, Jr., Appellee.**

**No. B14–84–523CV.**

Court of Appeals of Texas, Houston (14 Dist.).

Feb. 21, 1985.

Randall C. Grasso, Robertson, Miller & Taylor, Dallas, for appellants.

Paul J. Batista, Caldwell, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

This is an appeal in an adverse possession case. Appellee, Horace Jackson, Jr., brought suit in trespass to try title claiming that he had gained title to a tract of land in Burleson County by adverse possession. TEX.REV.CIV.STAT.ANN. art. 5510 (Vernon 1958). Appellants, Donald J. Stafford, Charles Cunningham, and the heirs of Tina Bedford appeal from the judgment of

the trial court awarding title to Appellee. We affirm.

The tract of land in question was originally one of six contiguous fifty-six acre tracts in Burleson County owned by Missouri Munson Jackson. In 1912, he conveyed the disputed tract of land to Tina Bedford. Appellee, Horace Jackson, Jr., is the grandson of Missouri Munson Jackson and the nephew of Tina Bedford. In 1919 or 1920, Tina Bedford and her family left Burleson County and moved to Moody, Texas. Neither Bedford nor any of her heirs returned to the property until 1982 when Carl R. Bedford, Bedford's great grandson, asserted an interest in the property.

Appellee holds record title to three of the six fifty-six acre tracts formerly owned by Missouri Munson Jackson. In 1929, the most eastern of the six tracts of land was sold. The tract of land in dispute in this case is west of the tract sold in 1929 and is to the immediate east of two of Appellee's tracts.

In 1929, Appellee and his father built a fence along the eastern boundary of the disputed tract. That fence combined with preexisting fences served to create a common fence around two of Appellee's tracts and the contiguous Bedford tract. Appellee's father died in 1951. Since that time Appellee was in exclusive possession of the land.

The Bedford tract was heavily wooded. During the time Appellee was in possession, he allowed cattle to graze on the land, relocated a road, built and repaired fences, cut trees for fence posts and firewood, hunted, cleared some trees and brush, and built a gate to keep the public off the tract. However, Appellee did not clear a substantial portion of the tract, even though it was suitable for cultivation. Beyond cutting trees for firewood and fence posts, Appellee did not timber the land. Appellee had leased his deeded property for oil and gas exploration but did not do the same with the Bedford tract. Neither Appellee nor his father ever paid taxes on the Bedford tract. The repairs to the fences which surrounded Appellee's two deeded tracts and the Bedford tract were done in part by Appellee's neighbors.

During 1976, there was extensive oil and gas leasing activity in the area. The Bedford tract was the only property in the nearby area which was not under lease at that time. Appellee was contacted by landmen about leasing the Bedford tract. One of those landmen was Richard Bowers. Bowers testified that Appellee never said that he owned the property. Appellant, Donald J. Stafford, was another landman who met with Appellee. Stafford testified that Appellee said that he did not own the Bedford tract. Appellee testified that what he told Stafford was that he did not have a deed to the property. Eventually, the landmen located the heirs of Tina Bedford, the last recorded deed holder. Carl Bedford soon thereafter met with Appellee. Bedford testified that Appellee did not tell him that Appellee was claiming title to the property by adverse possession. Most of the heirs of Tina Bedford executed oil and gas leases over the tract in dispute here. Stafford acquired a one-third interest in the tract from one of the heirs. Stafford then conveyed one-half of that interest to Appellant, Charles Cunningham.

Appellee brought a trespass to try title suit to establish limitation title to the property. After a non-jury trial, the trial court found that title was established by limitation based on adverse possession. Appellants appeal from the judgment awarding title and possession of the tract to Appellee.

■ In points of error one and two, Appellants challenge the legal and factual sufficiency of the evidence to support the metes and bounds description of the property used in the judgment. The parties agree that in a trespass to try title action based upon a claim of adverse possession, the plaintiff must prove each element of his case by clear and convincing evidence, and, where plaintiff sues for a specific tract of land, this burden includes proving the location of the tract on the ground. *See Thompson v. Texas Commerce Bank National Association*, 586 S.W.2d 138 (Tex.

Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

The metes and bounds description of the tract contained in the judgment is the same as the description in Plaintiff's Original Petition and the Affidavit of Adverse Possession. The Original Petition was admitted into evidence as Defendants' Exhibit No. 15. The Affidavit is in the record as Defendants' Exhibit No. 16. Appellants argue the description contained in those documents may not be relied upon to provide the legal description of the tract because: (1) pleadings are not evidence; (2) the documents were only used for impeachment; and (3) the property descriptions are hearsay.

During the cross-examination of Appellee, the Original Petition was used to impeach him on the issue of whether he was "cultivating" the Bedford tract. The Original Petition and Affidavit of Adverse Possession were not introduced into evidence at that time. After Appellee rested and closed his case, Appellants made a motion for judgment, which was overruled by the trial court. The two documents, Defendants' Exhibits Nos. 15 and 16, came into evidence at the close of Defendants' case when they were included in a general offering of Defendants' Exhibits Nos. 1 through 21. When offered into evidence, no limitation was made that Exhibits Nos. 15 and 16 were offered for impeachment purposes only.

■ We agree with Appellants that a party may not introduce into evidence his own abandoned pleadings for the purpose of proving his own case. *REO Motor Car Co. of Texas v. Barnes*, 9 S.W.2d 374, 377 (Tex.Civ.App.—Texarkana 1928, no writ). However, the Original Petition and Affidavit of Adverse Possession were introduced into evidence by Appellants, not by Appellee and Appellants did not limit the purpose for which these exhibits were admitted. While these exhibits were not in evidence at the time the trial judge denied Appellants' Motion for Judgment, Appellants have not complained of the failure to grant the motion in a separate point of error.

■ Appellants also argue that the property description contained in exhibits 15 and 16 is insufficient because they are hearsay. Inadmissible hearsay evidence admitted without objection is no longer to be denied probative value merely because it is hearsay. TEX.R.EVID. 802. In addition, Appellants may not now complain of hearsay contained in exhibits which they introduced into evidence.

■ Because Exhibits Nos. 15 and 16 contain the same property description as the description in the judgment, there is sufficient evidence in the record to establish the location of the boundaries of the tract on the ground. Points of error one and two are overruled.

Point of error five claims the trial court erred in entering judgment for limitation title because Appellee's "use of the land was only casual grazing of incidentally enclosed land, which does not constitute an adverse or hostile use as a matter of law."

■ An adverse claimant who relies upon grazing only as evidence of his adverse use and enjoyment must show as part of his case that the land in dispute was designedly enclosed. *McDonnold v. Weinacht*, 465 S.W.2d 136, 142 (Tex.1971); *Jamail v. Gene Naumann Real Estate*, 680 S.W.2d 621, 626 (Tex.App.—Austin 1984, writ ref. n.r.e.). Appellee has shown both that the land was used for more than grazing only and the land was designedly enclosed. In addition to using the land for grazing, there was also evidence that part of the land was cleared for a new road, Appellee hunted on the land, brush and trees were cleared from the land, and he cut trees for fence posts and firewood. Appellee's use of the land exceeded mere grazing. Even if Appellee relied upon grazing only, the evidence is that Appellee and his father built part of the fence, the entire fence has been repaired, and Appellee has done part of these repairs or has contributed to the cost of fence repairs. Appellee's actions in building and maintaining the fence show that the land was not incidentally enclosed. We cannot agree

**788**

that Appellee's use of the land was only casual grazing of incidentally enclosed land, which does not constitute an adverse or hostile use as a matter of law. Point of error five is overruled.

In point of error six, Appellants claim the finding that Appellee had asserted a claim of right to the land which was manifested by declarations and by open and visible acts is against the great weight and preponderance of the evidence. Appellants argue Appellee made no such declarations and his actions were insufficient to raise a presumption of notice to the record owners.

 Appellee had the burden of showing the elements of adverse possession, including "a claim of right." *Orsborn v. Deep Rock Oil Corp.*, 153 Tex. 281, 267 S.W.2d 781, 787 (1954). There is no evidence in the record that Appellee gave actual notice of his claim to the heirs of Tina Bedford. Appellee testified that he was claiming the tract as his own. Since there was no actual notice or declarations to the owners, Appellee's adverse possession must be based on open and visible acts which are so clear and unambiguous that knowledge on the part of the record title owner must be presumed. *Jamail*, 680 S.W.2d at 626.

The original building of the fence on the eastern boundary was open and visible. The subsequent repair of the fence and building of a gate on the property are some evidence that Appellee was claiming the land as his own. Appellee also allowed his cattle to graze on the property. Trees were cut from the property and used by Appellee as firewood and fence posts. Clearing part of the land for a new road was an open and visible act. A neighbor testified that Appellee claimed to own the land. Appellee could have done other things which would have provided more evidence that he was claiming the land. However, we are unable to say that the trial court's finding that Appellee has asserted a claim of right to the tract is against the great weight and preponderance of the evidence. Point of error six is overruled.

Points of error three and four assert there was no evidence or insufficient evidence that Appellee's father was asserting an adverse claim to the land or that he passed such a claim or possession of the land to Appellee. Appellants argue that the trial court erred in finding any facts relating to the possession or use of the land by Appellee's father.

 The trial court made findings that Appellee's use of the land was sufficient to gain title to the land. Appellants have not been successful in establishing that the findings as to Appellee's use were not supported by sufficient evidence. Since Appellee's use was sufficient to establish title, any error in the findings on Appellee's father's use would be harmless. TEX.R. CIV.P. 434. Points of error three and four are overruled.

The judgment is affirmed.