E.E. SHOUSE, Independent Executor of the Estate of W.H. Cocke, Deceased, et al., Appellants,

v.

Glen ROBERTS, Trustee, Appellee.

No. B14–86–701–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 23, 1987.

Rehearing Denied Sept. 3, 1987.

Frank L. Heard, Jr., James D. Thompson, III, Houston, for appellants.

Sidney Levine, Sealy, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellee, Glen Roberts, Trustee, brought a trespass to try title action against appel-

lants, E.E. Shouse, Independent Executor of the Estate of W.H. Cocke, Deceased, et al., claiming adverse possession of a five acre tract in Brazoria County, Texas. The trial court determined as a matter of law that W.H. Cocke was the record owner of the property as of July 2, 1969. The jury found in favor of appellee under the ten-year statute of limitations and the trial court entered judgment that appellee recover title to the disputed property.[1] We affirm.

Appellants present three points of error. In their first point they contend the trial court erred by failing to define the terms "designedly enclosed" and "casual or incidental fencing" as used in an adverse possession claim based on the grazing of livestock. Appellants attack the legal and factual sufficiency of the evidence supporting the jury finding of adverse possession in their second and third points of error. Claiming no evidence or insufficient evidence to show the disputed property was "designedly enclosed" for purposes of grazing livestock, they argue the requirements of ten-year limitation title were thus not met.

A brief outline of relevant facts is necessary. The property at issue is Tract 45, Brazos Coast Investment Company Subdivision No. 15, Stephen F. Austin League, A–19, Brazoria County, Texas (Tract 45 or the property). Although appellee and his daughter held a 1954 warranty deed to Tract 45, the trial court found as a matter of law that W.H. Cocke (one of appellants, now deceased) was the record owner as of July 2, 1969. Cocke had acquired title to Tract 45 through a tax sale in the 1930's.

Acting as his trustee, appellee's daughter, Penelope Roberts Cooley, leased Tract 45 to Wilson Waggoner (Waggoner or appellee's tenant) in July 1969. The written lease, dated July 3, 1969, was executed and recorded by Cooley and Waggoner. Upon execution of the lease Waggoner went into possession of Tract 45 as appellee's tenant, using the property for grazing livestock.

At the time the lease was executed, Waggoner owned and lived on Tract 46, the adjacent property on the south boundary of Tract 45. No boundary fence existed between the two tracts when Waggoner went into possession. However, there were "partial fences" on the other three sides of Tract 45 as of that date. Waggoner erected a fence between Tracts 45 and 46, and repaired and maintained the existing fences over the next ten years. He used Tract 45 regularly for grazing horses, and occasionally for cattle.

In response to Special Issue No. 1, the jury found appellee had held peaceable and adverse possession of the property in question for a period of ten consecutive years after July 2, 1969, and before trial. The trial court entered judgment in accordance with the jury finding of adverse possession, ordering that appellee recover title and possession to Tract 45 from appellants.

We address initially appellants' third point of error in which they allege there is insufficient evidence to support the jury finding of appellee's adverse possession, since there is insufficient evidence showing the property was "designedly enclosed" for the purpose of grazing livestock.

■ When the sole use of property is for the purpose of grazing livestock, and evidence of such use is made the basis of an adverse possession claim, the claimant must show the property in question was

---

1. The following statutory definitions are relevant:

(1) "Adverse possession" means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person.

\* \* \* \* \* \*

(3) "Peaceable possession" means possession of real property that is continuous and is not interrupted by an adverse suit to recover the property.

Tex.Civ.Prac. & Rem.Code Ann. § 16.021 (Vernon 1986).

The ten-year limitations statute reads in part as follows:

(a) A person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property.

\* \* \* \* \* \*

Tex.Civ.Prac. & Rem.Code Ann. § 16.026 (Vernon 1986).

designedly enclosed. *McDonnold v. Wein-acht,* 465 S.W.2d 136, 141–42 (Tex.1971).[2] It is undisputed that appellee's use or occupancy of Tract 45, through Waggoner, was for grazing livestock. However, appellants argue there is insufficient evidence to show Tract 45 was "fenced in" intentionally, *i.e.,* designedly enclosed, for grazing purposes. They claim, rather, that the property was merely casually or incidentally enclosed by the owner of Tract 46 (Waggoner), who "fenced out" Tract 45 by "fencing in" his own Tract 46. Therefore, they assert, the jury finding of adverse possession must fail for lack of support in the evidence that Tract 45 was designedly enclosed. We do not agree.

■ In reviewing factual insufficiency ("insufficient evidence") points, we must consider all evidence in the record relevant to the fact finding being challenged. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). Furthermore, we will sustain a factual insufficiency point only if we determine the finding of a vital fact to be so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. at 664–65, 244 S.W.2d at 661.

■ We have reviewed all relevant evidence in the record according to the aforementioned standards. We hold the evidence regarding the designed enclosure of Tract 45 sufficient to support the jury finding of ten-year adverse possession.

Appellants' insistence that Tract 45 was merely "fenced out" rather than intentionally "fenced in" is incorrect. Their argument appears to rely on the fact that the boundary fence between Tracts 45 and 46 was constructed approximately six inches south of the Tract 45 property line, thus lying on Tract 46. It is apparent from Waggoner's testimony that since his status was both that of appellee's tenant and owner of the adjacent tract, he was forced to bear the entire cost of the fence. He therefore chose to lose several inches of Tract 46, which he owned, by having the fence erected south of Tract 46's property line:

Q. Did you put that fence right on the property line?

A. I don't recall. Normally where the other property owners don't help me, I set over six inches from the survey line because usually a line fence is a partnership fence.

Appellants have either omitted other facts concerning the adverse possession claim, or have minimized the significance of those facts. In determining whether a disputed tract was incidentally or designedly enclosed, we must look to the whole fencing pattern and the use made of the fence as well as to other facts and circumstances. *Auchterlonie v. McBride,* 705 S.W.2d 183, 185 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Mixon v. Clark,* 518 S.W.2d 402, 406 (Tex.App.—Tyler 1974, writ ref'd n.r. e.).

Having reviewed the record, we find other facts and circumstances relevant to appellee's claim. The 1969 lease and leases executed subsequent to 1969 establish the duty of appellee's tenants to fence and maintain Tract 45:

IV

It is understood by and between Lessor and Lessee that Lessee will fence the property herein demised. . . .

[from 1969 lease]

Waggoner testified that he fulfilled his lease obligation by erecting a fence several months after becoming appellee's tenant:

Q. Mr. Waggoner ... [u]nder the lease, I believe you ... as the tenant ... were charged with maintaining the fences. Is that correct?

A. Correct.

---

2. Since Texas has had a tradition of open grazing, mere use of property for grazing is insufficient in itself to support limitation title. The disputed property must also be *sufficiently enclosed* both to give evidence of designed enclosure, and to show a claim of right hostile to the claim of another. *Orsborn v. Deep Rock Oil Corp.,* 153 Tex. 281, 267 S.W.2d 781 (1954), and citations therein; *Auchterlonie v. McBride,* 705 S.W.2d 183 (Tex.App.—Houston [14th Dist.] 1985, no writ).

Q. And when you built that cross fence on the south side ... you built it within 6 months after you leased it?

A. Yes.

Q. Did you build that to divide the two properties as a boundary fence?

A. Yes, sir.

Q. Also, did you recognize, in making these [fences], you were the tenant? Did you recognize Ms. Cooley as the Trustee, as the owner of the property as far as you were concerned?

A. So far as I know....

Waggoner also testified that he repaired and maintained the "partial" fences existing as of July 3, 1969, so as to begin grazing his horses:

Q. What kind of fence was [a partial fence]?

\*   \*   \*   \*   \*   \*

A. Well it was barbed wire, but it was rusty. Lots of places it had rusted in two.

\*   \*   \*   \*   \*   \*

A. I guess [patching the fence] was the first thing I had to do because it won't hold horses.

\*   \*   \*   \*   \*   \*

Q. Then after you fenced it in, what did you ... use the land for?

A. For grazing horses.

\*   \*   \*   \*   \*   \*

Q. Now, from '69, when you took over the property, did you have horses continuously on there for 10 years?

A. Yes.

The record includes additional evidence relevant to appellee's claim of right to Tract 45. Waggoner testified he mowed and fertilized Tract 45, pursuant to his lease obligation, for ten years. He also put a water trough on the property and grazed horses regularly. Appellee and his daughter paid approximately $22,000 in ad valorem taxes. Commencing in May 1981, ap-

pellee made six annual payments of a ten installment payout on an $11,800 paving lien, assessed by the City of Clute against Tract 45 when it annexed the property. Appellants neither paid ad valorem taxes nor made lien payments. Included in the record as well is an instrument executed by appellee's daughter as trustee granting a portion of Tract 45 to the City as a right-of-way for street widening. There is no evidence that appellants executed leases or any other instruments concerning the disputed tract.

We hold there was sufficient evidence that Tract 45 was designedly enclosed for grazing. Combined with other evidence of the whole fencing pattern, we hold as well the evidence sufficient to support the jury finding of adverse possession. *Auchterlonie v. McBride*, 705 S.W.2d at 185; *Stafford v. Jackson*, 687 S.W.2d 784, 787 (Tex. App.—Houston [14th Dist.] 1985, no writ); *Mixon v. Clark*, 518 S.W.2d at 405–06.[3] We overrule appellant's third point of error.

Because we hold there is sufficient evidence to support the jury finding, we need not address appellants' legal insufficiency ("no evidence") point. We overrule as well the second point of error.

■ In their first point of error, appellants allege the trial court erred in failing to define the terms "designedly enclosed" and "casual or incidental fencing" as used in adverse possession claims when the claim is based solely on grazing livestock. Therefore, they argue, the jury was without guidance as to the technical sense of those terms in answering Special Issue No. 1.

Special Issue No. 1, to which the jury responded affirmatively, states:

Do you find from a preponderance of the evidence that Glen Roberts, Trustee and those under whom he claims, either in

---

**3.** Cases cited by appellants are inapposite, since evidence of a claim of right such as is found in the case before us was lacking. *Cf. McDonnold v. Weinacht*, 465 S.W.2d 136 (Tex.1971) (Weinacht's claim to the property was kept secret); *Orsborn v. Deep Rock Oil Corp.*, 267 S.W.2d 781

(Tex.1954) (claimants paid no taxes, made no improvements, executed no instruments); *DeArman v. Surls*, 618 S.W.2d 88 (Tex.App.—Tyler 1981, writ ref'd n.r.e.) (claimants paid no taxes, executed no title instruments, manifested no intention to claim land as their own).

**358**

person or through a tenant or tenants, or partly in person and partly through a tenant or tenants, held peaceable and adverse possession of the land in controversy, cultivating, using or enjoying the same, or any part thereof, for any period of ten consecutive years after July 2, 1969 and prior to the date of this trial?

Appellants agree that the trial court properly defined the terms "adverse possession" and "peaceable possession" as used in the special issue, but take exception to the following explanatory instruction regarding "livestock grazing":

> Livestock grazing alone does not constitute "actual and visible appropriation of real property" unless the property in question has been designedly enclosed or maintained as a designed enclosure by the party or his tenants adversely claiming the land; that is, the property was not casually or incidentally enclosed.

The trial court is required to "submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict...." Tex.R.Civ.P. 277. The sufficiency of explanation and instructions as to form is largely within the discretion of the trial court, the test being reasonable clearness as to enable a jury to understand the words or phrases. *Houston Nat. Bank v. Biber*, 613 S.W.2d 771, 775–76 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

We hold the instructions given regarding the terms "designedly enclosed" and "casual or incidental fencing" adequately defined those terms and gave sufficient guidance to the jury. We accordingly overrule appellants' first point of error.

The judgment of the trial court is affirmed.