**Affirmed and Memorandum Opinion filed April 23, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00608-CV

---

## OLGA GUTIERREZ, INDIVIDUALLY & AS INDEPENDENT ADMINISTRATOR WITH WILL ANNEXED FOR THE ESTATE OF ENEDINA GUTIERREZ, DECEASED, Appellant

**V.**

## DON LORENZ AND JUDY LORENZ, Appellees

---

**On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause No. PR-0062112-D**

---

## M E M O R A N D U M   O P I N I O N

Appellant Olga Gutierrez filed suit against appellees Don and Judy Lorenz, seeking a declaration that a conveyance to the Lorenzes of property, previously owned by Olga's mother, was void. The Lorenzes defended Olga's claim and filed a counterclaim for a declaration and to quiet title based on a defense of limitations under the adverse-possession statutes. The trial court granted summary judgment and declared title in the Lorenzes' favor based on adverse possession.

Olga appeals the judgment denying relief on her claim and awarding title to the Lorenzes. The Lorenzes appeal orders denying them attorneys' fees and sanctions. Because we conclude that no party has demonstrated reversible error, we affirm the court's judgment.

## Background

Enedina Gutierrez owned real property in Galveston County, which we refer to as the "Winnie Street Property." Enedina died on April 4, 1998. Enedina had six children during her lifetime, five of whom survived her death: Olga Gutierrez (appellant), Jose Angel, Maria Julia, Maria Rosalia, and Jose Esteban.

Enedina's will was admitted to probate on February 12, 1999, and Jose Esteban served as executor. The will devised the Winnie Street Property to Jose Angel and Jose Esteban "in equal shares." The will also included a paragraph providing:

> None of the real property is to be sold or mortgaged, all property is to be kept in the Gutierrez family. When one of my children dies, that individual's property is to be divided equally among the survivors. When the last of my children is the only one remaining, then the property can be sold or do whatever that individual desires, without restrictions.

Olga refers to this paragraph as a "no sale clause."

In 2000, Jose Angel and Jose Esteban conveyed the Winnie Street Property to the Lorenzes. Jose Angel died in 2011. In 2014, Olga, as part of a mediated settlement arising out of a prior suit against Jose Esteban, became executrix of Enedina's estate.

In 2015, Olga filed a petition for declaratory judgment against the Lorenzes, alleging the sale of the Winnie Street Property was void because Jose Angel and Jose Esteban lacked authority to sell the property in 2000 under the "no sale

2

clause" in Enedina's will.[1]  The Lorenzes answered, arguing that limitations barred Olga's claim.  The Lorenzes also asserted a counterclaim for adverse possession and sought a declaratory judgment to quiet title in their favor.  The Lorenzes moved for summary judgment on their adverse possession limitations defense.  They argued that they satisfied the requirements of the applicable statute of limitations, whether three, five, or ten years of adverse possession.

The trial court granted the Lorenzes' motion, dismissed Olga's claim with prejudice, and granted judgment in the Lorenzes' favor for title to the property.

## Olga's Appeal

Olga argues that the trial court erred in granting judgment in the Lorenzes' favor because the Lorenzes did not conclusively establish all the elements of their limitations defense under the adverse possession statutes.

## A.    Standard of Review

The trial court granted the Lorenzes' traditional motion for summary judgment.  We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  In the traditional summary judgment context, the movant has the burden to show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lopez v. Ensign U.S. S. Drilling, LLC*, 524 S.W.3d 836, 841 (Tex. App.—Houston [14th Dist.] 2017, no pet.).  A defendant seeking summary judgment on the basis of an affirmative defense, such as limitations,

---

[1] In related litigation, Olga also sued the present owners of another piece of property devised to, and later sold by, Jose Angel and Jose Esteban, as well as the title company involved in the real estate transactions.  As discussed more below, this court interpreted provisions of Enedina's will that formed the basis of Olga's suit against the title company. *See Gutierrez v. Stewart Title*, 550 S.W.3d 304, 314-17 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also infra* Section C.1.

bears the burden to conclusively establish that defense. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005); *see also Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

**B.      The Lorenzes' Motion for Partial Summary Judgment**

To acquire title under a statute of limitations, that statute's requirements must be met. *Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 198 (Tex. 2003). The applicable time period to succeed on a limitations defense under the adverse possession statutes varies depending on the circumstances. A three-year limitation period applies to a suit "to recover real property held by another in peaceable and adverse possession under title or color of title," and the claimant must file suit "not later than three years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.024. The five-year statute requires a person to bring suit within five years to recover property held by another in peaceable and adverse possession who cultivates, uses, or enjoys the property, pays applicable taxes, and claims the property under a duly registered deed. *Id.* § 16.025(a). The ten-year statute applies to suits "to recover real property held in peaceable and adverse possession by another who cultivates, uses, or enjoys the property." *Id.* § 16.026(a).

If an action for the recovery of real property is barred by adverse possession limitations, the person who holds the property in peaceable and adverse possession has full title, precluding all claims. *Id*. § 16.030(a); *Kazmir v. Benavides*, 288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Any ouster by the record title holder after the applicable limitations period comes too late. *See Kazmir*, 288 S.W.3d at 561; *Sterling v. Tarvin*, 456 S.W.2d 529, 533 (Tex. App.— Fort Worth 1970, writ ref'd n.r.e.).

In their motion for partial summary judgment, the Lorenzes made two general arguments. First, they asserted that Olga's claim fails as a matter of law because the Lorenzes met all statutory requirements for the necessary number of years no matter which limitations period applies. Second, because Olga's claim is barred under all limitations periods, the Lorenzes argued they were entitled to judgment of title under Texas Civil Practice and Remedies Code section 16.030. The trial court agreed with the Lorenzes on both arguments. In their motion, the Lorenzes took no position on the validity of the 2000 deed. If they are correct that Olga's claim is barred by limitations, and that they are entitled to a judgment declaring title under section 16.030, then we need not address whether the 2000 deed was void because of the will's "no sale clause."

According to their affidavits, the Lorenzes "took possession of the property after the closing" in 2000 and "[s]hortly after taking possession of the property, [the Lorenzes] began doing repairs and renovations to the property." The repair and renovations continued into 2002, when the Lorenzes moved into the home. The Lorenzes have occupied the property continuously as their home since 2002 and during that period have maintained and repaired the home's interior and exterior. Olga filed suit against the Lorenzes on March 9, 2015. Olga's claim would therefore be barred under the ten-year statute of limitations, so long as the Lorenzes' actions met all other requirements. *See* Tex. Civ. Prac. & Rem. Code § 16.026. Because we conclude that the ten-year statute is dispositive of Olga's complaint on appeal, we need not consider whether the Lorenzes met their burden under the three- and five-year statutes of limitations.

The ten-year statute of limitations provides that "[a] person must bring suit not later than 10 years after the day the cause of action accrues to recover real property held in peaceable and adverse possession by another who cultivates, uses,

5

or enjoys the property." *Id.* § 16.026(a). "Adverse possession" means "an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." *Id.* § 16.021(1). "Visible appropriation" is required; mistaken beliefs about ownership do not transfer title until someone acts on them. *Tran v. Macha*, 213 S.W.3d 913, 914 (Tex. 2006) (per curiam); *Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex. 1985); *see also Pool*, 124 S.W.3d at 198 (holding that "a record titleholder's ignorance of what it owns does not affect the running of limitations"). Peaceable possession means possession of real property that is continuous and is not interrupted by an adverse suit to recover the property. Tex. Civ. Prac. & Rem. Code § 16.021(3). The "possession must be of such character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990).

To prevail on the ten-year limitations defense, a person claiming to adversely possess property must prove that the person actually and visibly possessed the property, and the possession: (a) was adverse and hostile to the claim of the owner of record title;[2] (b) was open and notorious; (c) was peaceable; (d) was exclusive; and (e) involved continuous cultivation, use, or enjoyment for over ten years. *Nelson v. Go Green, LLC*, No. 14-17-00571-CV, 2018 WL 4016998, *2 (Tex. App.—Houston [14th Dist.] Aug. 23, 2018, no pet.) (mem. op.); *Kazmir*, 288 S.W.3d at 561.

The Lorenzes testified that they took possession of the property in 2000, began renovating the home in 2000, moved into the home in 2002, and have lived there continuously since 2002. Olga did not file suit to recover the property until

---

[2] We presume without deciding that Olga is the "owner of record title" based on her assertion that the 2000 deed to the Lorenzes is void.

6

2015, so the evidence establishes that the Lorenzes peaceably possessed the property until 2015. *See, e.g.*, *Volunteer Council of Denton State Sch., Inc. v. Berry*, 795 S.W.2d 230, 237 (Tex. App.—Dallas 1990, writ denied) (evidence of "prior unabandoned possession" during which possessor enclosed and utilized property to graze cattle and grow hay was evidence of actual and peaceable possession).

The Lorenzes' affidavits stated that the Winnie Street Property was in dilapidated condition when they took possession, was damaged internally and externally from a fire, and had non-functional electrical and plumbing systems. Shortly after taking possession, the Lorenzes began repairing and renovating the property, including:  gutting the interior of the house down to the wood; repairing the house foundation; re-roofing the house; re-wiring the house's electrical system; re-plumbing the house; repairing or rebuilding the stairs, windows, and doors; installing a central air-conditioning and heating system; installing new interior sheetrock; re-finishing the house's wood floors; adding a deck to the rear exterior of the home; painting the interior and exterior of the home; and installing new fencing on the property.  These extensive repairs and renovations to both the interior and exterior of the house, including fencing the property, are unmistakable signs of exclusive, open, and visible appropriation, thus satisfying the adverse possession element of the ten-year statute. *See Stafford v. Jackson*, 687 S.W.2d 784, 787-88 (Tex. App.—Houston [14th Dist.] 1985, no writ) (deliberate enclosure can show possession and adverse use); *Berry*, 795 S.W.2d at 237.

The Lorenzes' affidavits also stated that they took possession of the property after purchase, completed the above-discussed repairs and renovations, lived at the property, and maintained the home and the grounds.  This is evidence that the Lorenzes continuously cultivated, used, or enjoyed the property.  *See, e.g.*,

7

*Philadelphia Tr. Co. v. Johnson*, 257 S.W. 280, 282 (Tex. App.—Beaumont 1923, writ dism'd w.o.j.) (evidence that party took possession of property under a claim of right, erected a very substantial cypress fence, planted an orchard, and built and lived in a house on the property was sufficient to show that possessors cultivated, used, and enjoyed the enclosed premises for purposes of adverse possession).

The Lorenzes' affidavits establish conclusively all the elements of the ten-year statute of limitations for adverse possession.

## C. Olga's Response

In her response to the Lorenzes' motion for summary judgment, Olga argued that the ten-year statute of limitations failed for two reasons: (1) the Lorenzes could not show that their possession was hostile to Olga; and (2) the Lorenzes could not meet the ten-year limitations period.

### 1. *Hostility*

Olga argued below and argues on appeal that the Lorenzes' possession was not hostile relative to her because her interest in the property did not "vest" until Jose Angel's death in 2011. This court addressed the nature of Olga's interest in the Winnie Street Property in an earlier appeal. *See Gutierrez v. Stewart Title*, 550 S.W.3d 304, 314-17 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (addressing Olga's negligent misrepresentation claim against the title company for the conveyance of the Winnie Street Property from Olga's brothers to the Lorenzes). As we concluded in our prior opinion, Enedina's will granted to Jose Angel and Jose Esteban a life estate in the Winnie Street Property and to Olga a remainder interest in the Winnie Street Property. *See id.* at 316-17 & n.8. Olga therefore had standing to challenge any conveyance of the Winnie Street Property and her interest was not contingent upon Jose Angel's death. *See id.* at 317 (citing *Reilly v.*

*Huff*, 335 S.W.2d 275, 278 (Tex. App.—San Antonio 1960, no writ) (one who holds a remainder interest that is to pass after the death of the life tenant of a life estate has a vested interest, and thus has standing); *Fisher v. Linthicum*, No. 05-91-01228-CV, 1993 WL 96118, at *11 (Tex. App.—Dallas Mar. 31, 1993, writ denied) (not designated for publication)).

By possessing, improving, and continuously occupying the Winnie Street Property, the Lorenzes unmistakably asserted a claim that was inconsistent with—and thus hostile to—the rights of Jose Angel and Jose Esteban and the remaindermen of the life estates granted to them, including Olga. The Lorenzes' actions evinced an intent to appropriate the property as their own to the exclusion of all others. *See Tran*, 213 S.W.3d at 915 (hostility requires an intention to claim property as one's own to the exclusion of all others). Olga's first argument fails.

2. *Ten-year period*

Olga also argued that the Lorenzes could not satisfy the ten-year limitations period. Olga asserted that she filed the "base case" in 2012, in which she "assert[ed] an interest which is adverse to Lorenz," and the Lorenzes' summary judgment evidence "does not establish the exact date on which [they] moved into the Subject Property. The evidence only states 2002." According to Olga, the Lorenzes therefore failed to establish conclusively that they met the statute's requirements for a ten-year period.

Olga's argument impliedly raises the relation-back doctrine, which allows an amendment or supplement to pleadings that would otherwise be barred by limitations, as long as the amendment or supplement is not based on new, distinct, or different transactions. *See* Tex. Civ. Prac. & Rem. Code § 16.068.

9

Olga's argument is unpersuasive. Her argument presumes, first of all, that "possession" for purposes of the limitations period means only residing on the property and not any other kind of possessory action (such as repairing and renovating the home). Regardless, although Olga sought a declaratory judgment in 2012 that Jose Angel and Jose Esteban did not have the power under Enedina's will to sell, transfer, pledge, or otherwise alienate the Winnie Street Property, Olga did not name the Lorenzes as defendants in that 2012 pleading. With limited exceptions inapplicable here, section 16.068 does not apply under circumstances when a new party is added. *See Chavez v. Anderson*, 525 S.W.3d 382, 386 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Generally, section 16.068 "addresses adding claims, not parties." *Brown v. Enter. Recovery Sys., Inc.*, No. 02-11-00436-CV, 2013 WL 4506582, at *11 (Tex. App.—Fort Worth Aug. 22, 2013, pet. denied) (mem. op.); *see also Pfister v. De La Rosa*, No. 04-11-00475-CV, 2012 WL 2834762, at *2-3 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.) (upholding summary judgment where correct defendant not served until after four-year statute of limitations in contract claim); *Nolan v. Hughes*, 349 S.W.3d 209, 214 (Tex. App.—Dallas 2011, no pet.) (rejecting argument that section 16.068 permits relation back when the amended pleading names a new party as defendant after expiration of limitations). Unless an exception applies, an amended pleading adding a new party does not relate back to the original pleading. *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400 (Tex. 2011). Olga does not argue the applicability of any exception, and we conclude that her 2015 petition naming the Lorenzes as defendants for the first time does not relate back to her 2012 pleading, which named only her siblings as interested parties in the underlying probate proceeding.

Therefore, assuming that the limitations period did not begin to run until the Lorenzes moved into the Winnie Street Property in 2002, Olga did not file her 2015 petition naming the Lorenzes as defendants until well after the ten-year limitations period expired.[3]

For these reasons, we hold that the Lorenzes were entitled to judgment as a matter of law on Olga's declaratory relief claim. Moreover, because Olga's action to recover the property is barred by adverse possession limitations, the Lorenzes are entitled to judgment declaring title, which the trial court granted. Tex. Civ. Prac. & Rem. Code § 16.030(a); *Kazmir*, 288 S.W.3d at 561. The trial court did not err in granting the Lorenzes' motion for summary judgment.

We overrule Olga's sole issue.

### The Lorenzes' Cross-Appeal

The Lorenzes filed a cross-appeal. In three issues, they argue that: (1) the trial court erred in denying the Lorenzes' claim for attorney's fees under the Uniform Declaratory Judgments Act; (2) the trial court erred in failing to grant the Lorenzes' motion to modify the final judgment to incorporate monetary sanctions against Olga; and (3) the trial court erred in failing to conduct a hearing on the

---

[3] For the first time on appeal, Olga contends that her failure to timely challenge the Winnie Street Property conveyance is excused, because Jose Esteban was her fiduciary when he served as executor of Enedina's will, and therefore she had no duty to "constantly check the public records to determine if anything wrong was occurring." This contention is, in effect, an argument that the discovery rule should apply. *See B. Mahler Interests, L.P. v. DMAC Constr., Inc.*, 503 S.W.3d 43, 49 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (discovery rule defers accrual of a claim until the injured party learned of, or in the exercise of reasonable diligence should have learned of, the wrongful act causing injury). We need not decide the applicability of the discovery rule to these facts, because Olga did not raise this contention in the trial court. We will not reverse a summary judgment on a ground not raised. *See* Tex. R. Civ. P. 166a(c); *Lyons v. Lexington Woods Trails Cmty. Ass'n, Inc.*, No. 14-17-00423-CV, 2018 WL 1542489, at *3 (Tex. App.—Houston [14th Dist.] Mar. 29, 2018, no pet.) (mem. op.).

Lorenzes' motion to modify judgment and in allowing the motion to be overruled by operation of law.

## A.     Attorney's Fees

In her petition, Olga sought a declaration that the deed conveying the Winnie Street Property to the Lorenzes was void.  After prevailing on their motion for summary judgment, the Lorenzes sought their attorney's fees under the Declaratory Judgment Act for successfully defending against Olga's declaratory judgment claim.  *See* Tex. Civ. Prac. & Rem. Code § 37.009.  Olga moved to dismiss the Lorenzes' claim for attorney's fees, arguing that the trial court "lack[ed] jurisdiction" because no statute provided for recovery of fees.  At a hearing on Olga's motion, the trial court agreed that the Lorenzes were not entitled to attorney's fees because Olga's claim, though asserted as a declaratory judgment claim, was really a trespass to try title claim, for which fees are not statutorily available.

Texas courts consider the substance and not the form of the pleadings to determine whether an action is properly considered as one for declaratory judgment, trespass to try title,[4] or to quiet title.[5]  Olga asserts, and the trial court agreed, that her claim was trespass to try title, but we think it is more accurately characterized as one to quiet title.  A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property.  *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).  This is precisely what Olga

---

[4] *See Meekins v. Wisnoski*, 404 S.W.3d 690, 696 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *I-10 Colony, Inc. v. Lee*, 393 S.W.3d 467, 476 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

[5] *See Poag v. Flories*, 317 S.W.3d 820, 829 (Tex. App.—Fort Worth 2010, pet. denied); *Sani v. Powell*, 153 S.W.3d 736, 746 (Tex. App.—Dallas 2005, pet. denied).

alleged—that the Lorenzes' claim to the Winnie Street Property was void. The plaintiff in a trespass to try title action, in contrast, must allege and prove the right to present possession of the land. *See Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018). Because Olga's interest in the Winnie Street Property is a remainder interest in land subject to Jose Esteban's life estate, she could not obtain relief through a trespass to try title action because she had no right of possession to the property at that time. *See id.*

The distinction between a trespass to try title action and one to quiet title is immaterial here, however, because attorney's fees are unavailable in either instance. *See, e.g.*, *Tuttle v. Builes*, 572 S.W.3d 344, 359 (Tex. App.—Eastland 2019, no pet.) ("Appellants' counterclaim was essentially a suit to quiet title for which attorney's fees are not recoverable.") (citing *DAS Inv. Corp. v. Nowak*, No. 01-03-00140-CV, 2004 WL 396983, at *2-3 (Tex. App.—Houston [1st Dist.] Mar. 4, 2004, no pet.) (mem. op.) (holding that defendants could not recover attorney's fees under the DJA because their counterclaim, which alleged that liens were unenforceable and prevented defendants from having good and marketable title, was essentially a claim to quiet title)); *Starbranch v. Crowell*, No. 01-15-00429-CV, 2016 WL 796836, at *2 (Tex. App.—Houston [1st Dist.] Mar. 1, 2016, no pet.) (mem. op.) ("Attorney's fees are not available in a suit to quiet title or remove cloud from title, and . . . a declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute."); *I-10 Colony, Inc. v. Lee*, 393 S.W.3d 467, 477 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (attorneys' fees not recoverable in a trespass to try title action). Further still, even if Olga's claim was properly considered one for declaratory judgment, attorneys' fees are not mandatory for successfully defending such a claim, and trial

courts have discretion to deny them. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

We therefore hold that the trial court did not abuse its discretion in denying the Lorenzes' fee request, and we overrule their first cross-issue.

## B.     Sanctions

In their second and third cross-issues, the Lorenzes argue that the trial court erred in not expressly incorporating a previously issued monetary sanctions order in the final judgment.

After granting the Lorenzes' motion for summary judgment but before going to trial on the Lorenzes' claim for attorney's fees, the trial court ordered the parties to mediation.  Olga did not appear, and the trial court signed an order that Olga pay the Lorenzes $2,050 as a sanction for failing to appear.  Olga was supposed to make payment within 30 days of the order, but according to the Lorenzes she failed to do so.  The record does not reflect that the Lorenzes filed a motion for contempt or a motion to compel payment.

The trial court later signed a final judgment, but the judgment did not reference the prior sanctions order.  The Lorenzes moved to modify the judgment, asking the court to include the sanctions in the judgment.  The trial court did not hold a hearing on the motion, allowed the motion to be overruled by operation of law, and did not modify the judgment to reflect the sanctions order.

We first address the Lorenzes' procedural complaint, which is that the trial court should have held a hearing on the Lorenzes' motion to modify.  The Lorenzes have not directed us to a rule of procedure or any other authority requiring the trial court hold a hearing on the Lorenzes' motion. *See, e.g., In re Heaven Sent Floor Care*, No. 05-16-00628-CV, 2017 WL 462352, at *3 (Tex.

14

App.—Dallas Jan. 30, 2017, orig. proceeding) (mem. op.) (concluding that relator had not shown court abused its discretion in failing to rule on motion to modify or motion seeking a hearing; citing rule of civil procedure 329b(c), which imposes "no obligation to rule [on] a motion to modify"). The Lorenzes have not demonstrated that the trial court abused its discretion by not conducting an oral hearing on their motion to modify.

Regarding the merits of the Lorenzes' motion, we do not agree that a final judgment must expressly incorporate or reference a prior sanctions order for the sanction to be enforceable. The sanctions order was an interlocutory order, which merged into the final judgment. *See Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1972) (interlocutory order merges into final judgment and becomes final for purposes of appeal); *see also Russell v. McBride Elec., Inc.*, No. 05-05-00507-CV, 2006 WL 664015, at *1 (Tex. App.—Dallas Mar. 16, 2006, no pet.) (mem. op., not designated for publication) (interlocutory sanctions order merged into final judgment). Although the imposition of sanctions *may* properly be included within a judgment, an order imposing sanctions is not a judgment, and a trial court therefore can sign a separate order concerning sanctions before or after the final judgment. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 312 (Tex. 2000); *see also Goad v. Goad*, 768 S.W.2d 356, 358 (Tex. App.—Texarkana 1989, writ denied). The trial court did not abuse its discretion in denying the motion to modify the judgment to specifically add a reference to the enforceable sanction previously awarded.

We overrule the Lorenzes' second and third cross-issues.

## Conclusion

We affirm the trial court's judgment.

/s/    Kevin Jewell
          Justice

Panel consists of Justices Wise, Jewell, and Poissant.