**Dismissed and Memorandum Opinion filed October 26, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14–18–00721–CV

---

## PAMELA G. KOSTAS, Appellant

### V.

## CYNTHIA KOSTAS, GEORGIA G. KOSTAS A/K/A GEORGIA G. NICHOLAS, ANN KOSTAS DAVIS, AND LEGACY TRUST COMPANY, N.A, Appellees

---

**On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 454096**

---

## MEMORANDUM OPINION

Appellant Pamela G. Kostas appeals the trial court's order granting Legacy Trust Company, N.A.'s Texas Rule of Civil Procedure 91a motion and dismissing Pamela's counterclaim for declaratory relief. Because the trial court's order granting the Rule 91a motion was not a final, appealable order, we dismiss the

appeal of this order for want of subject-matter jurisdiction.[1]

## I.  BACKGROUND

This appeal arises out of the probate proceedings of the late George J. Kostas. Kostas's four daughters disputed many aspects of the proceedings including which will to probate, who should be appointed permanent executor of the estate, and whether ownership of various bank accounts and certificate-of-deposit accounts should transfer by right-of-survivorship account designations or through the estate. After extensive proceedings, the trial court determined that all of Kostas's daughters were disqualified, as were two of Kostas's grandchildren, and appointed Legacy Trust as the permanent dependent administrator of the estate.

In July 2017, when Legacy Trust was acting as the temporary administrator of the estate, it filed a petition for declaratory judgment to address the validity of survivorship designations on six different bank and certificate-of-deposit accounts. Pamela responded to Legacy Trust's motion and requested relief in the form of a declaration that all purported survivorship designations or payable-on-death provisions in the accounts were invalid. In December 2017, Pamela filed a motion for partial summary judgment regarding four of the certificate-of-deposit accounts identified by Legacy Trust in its request for declaratory judgment. Pamela's sisters, Cynthia and Georgia, who stood to benefit from a determination that the survivorship designations or payable-on-death provisions were valid, opposed Pamela's motion. In April 2018, the trial court heard Pamela's motion and rendered summary judgment in her favor as to the four certificate-of-deposit

---

[1] The parties were sent notice, pursuant to Texas Rule of Appellate Procedure 42.3, that this court would consider dismissal of the appeal on its own motion for want of jurisdiction unless any party filed a response showing meritorious grounds for continuing the appeal. Tex. R. App. P. 42.3(a). No responses were received.

accounts, thereby including those accounts in the estate.

Pamela filed a first amended answer and counterclaim in September 2018 requesting the trial court to declare "the identity, extent, value, and location of all assets and claims of George J. Kostas . . . and order all such assets and claims to be transferred to the personal representative." Pamela's counterclaim was motivated by her belief that additional monies that were rightfully part of her father's estate existed, but had not yet been identified by Legacy Trust, because they were either in accounts that had been closed or were subject to her sisters' control. In seeking dismissal of Pamela's counterclaim, Legacy Trust argued that her counterclaim asked the trial court to make its own determination as to the entirety of assets belonging to the estate and that such a request is not a proper subject matter for declaratory judgment. Legacy Trust further asserted that while parties may request declaratory relief as to specific rights or disputes, the identification of assets belonging to an estate is the job of the personal representative of the estate.[2]

Pamela filed a second amended counterclaim shortly thereafter, which contained more detailed allegations but still sought to have the court make its own determination of the assets of the estate:

> Pamela therefore prays that the Court declare the identity, extent, value, and location of all assets and claims of George J. Kostas and/or his Estate . . . . Additionally and alternatively, Pamela prays

---

[2] It is the responsibility of the personal representative of the estate to take possession of the personal property and records of the estate. Tex. Est. Code Ann. § 351.102. The personal representative also has the duty to take care of "estate property as a prudent person would take of that person's own property." Tex. Est. Code Ann. § 351.101. It is also the responsibility of the personal representative to perform a "verified, full, and detailed inventory of all estate property that has come into the representative's possession or of which the representative has knowledge." Tex. Est. Code Ann. § 309.051. When an estate is administered under court supervision, the probate court "shall use reasonable diligence to see that personal representatives of estates administrated under court orders . . . perform the duty enjoined on them by law applicable to those estates." Tex. Est. Code Ann. § 351.352.

that this court declare: (a) each Estate beneficiary's respective entitlement to distributions from the Estate of specific, identified assets and/or claims of the Estate; and (b) the liabilities, if any, of each said beneficiary to each other said beneficiary and to the Estate with respect to the Estate and/or its assets and claims. Specifically and alternatively, Pamela prays that the Court identify, quantify, and trace all of those specific assets and claims of this Estate . . . .

On December 14, 2018, the trial court granted Legacy Trust's Rule 91a motion without a hearing. The trial court determined Legacy Trust to be the prevailing party for the purposes of awarding attorney's fees.

In this case, Pamela appealed two interlocutory orders of the trial court: (1) the July 18, 2018 order concerning the disqualification of George Davis and Stephanie Davis to serve as personal representatives of the estate of George J. Kostas, deceased, and the trial court's appointment of Legacy Trust Company, N.A., to serve as administrator of the estate and (2) the December 14, 2018 order granting Legacy Trust's Rule 91a motion. However, in October 2020, Pamela filed an agreed motion to dismiss her appeal of the July 18, 2018 order. We granted Pamela's agreed motion and on December 15, 2020 interlocutorily dismissed her appeal (1) of the trial court's denial of the application for appointment of George Davis and Stephanie Davis as personal representatives of the estate of George J. Kostas, deceased and (2) of the trial court's appointment of Legacy Trust Company, N.A., to serve as administrator of the estate.[3]

---

[3] Cynthia Kostas, Georgia Kostas a/k/a Georgia G. Nicholas, and Ann Kostas Davis were appellees in the case as it was originally appealed. Following this court's December 15, 2020 interlocutory dismissal of the part of Pamela's appeal concerning the July 18, 2018 order of the trial court, Legacy Trust is the only appellee remaining in the appeal. Whether these appeals should have been assigned separate appellate case numbers because of Estates Code section 32.001(c) is not a contested issue here. Tex. Est. Code Ann. § 32.001(c).

## II. ANALYSIS

Though subject-matter jurisdiction was not challenged by any party, we first must determine whether this court has jurisdiction to hear this case as a direct interlocutory appeal. As a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule. *Id.* at 192. Multiple appealable judgments may be rendered on discrete issues before the entire probate proceeding is concluded. Tex. Est. Code Ann. § 32.001(c) ("A final order issued by a probate court is appealable to the court of appeals."); *see De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (exception for probate proceedings from one-final-judgment rule exists, in part, to allow appellate review of controlling, intermediate issues in order to prevent error from harming later phases of proceeding). But not all probate orders are appealable. *Id.*

To determine whether an order in a probate proceeding is final for purposes of appeal, we first give controlling effect to an express statute declaring the phase of the probate proceeding to be final and appealable. *Id.* If no express statute controls, a probate court order is final and appealable only if it "dispose[s] of all parties or issues in a particular phase of the proceedings." *Id.* at 579. (citing *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) (applying former Probate Code section 55(a), since repealed)). In applying this standard to the present case, we begin by observing that there is no express statute declaring that an order granting a Rule 91a motion is final and appealable. *See In re HMR Funding, LLC*, 561 S.W.3d 662, 664–65 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Therefore, we must determine whether the trial court's dismissal of Pamela's counterclaim against Legacy Trust was an order disposing of all parties or issues "in a particular phase of the proceedings."

5

This court has previously held that an order granting a motion for summary judgment dismissing a title company from a probate proceeding was interlocutory. *Gutierrez v. Stewart Title Co.*, 550 S.W.3d 304, 310–11 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Reasoning that while the summary-judgment order brought an end to the claim against the title company, this court concluded the orders did not end the discrete phase of the proceedings of which the title company was a part. *Id.* at 311. In *Gutierrez*, the daughter, individually and as executrix of the estate, challenged the transfer of her mother's property by two of her brothers. *Id.* The daughter's challenge was against several individuals and was not resolved by the dismissal of the title company from the probate proceeding. *Id.* Further, this court determined that the summary-judgment order did not "decide a controlling issue upon which future probate rulings will depend but, at most, set the stage for future resolution of remaining unadjudicated issues." *Id.* at 310; *see also Asafi v. Rauscher*, No. 14–09–00800–CV, 2009 WL 4346067, at *1–2 (Tex. App.— Houston [14th Dist.] Dec. 3, 2009, pet. denied) (mem. op.) (per curiam) (partial summary judgments did not conclude particular phase of probate proceeding but instead were "interrelated to the issues that remain pending before the court," and so were not immediately appealable); *cf. Estate of Savana*, 529 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (when claims dismissed by trial court pursuant to Rule 91a motion are logically separate from balance of proceeding, order is final and appealable).

Here, Pamela's counterclaim was part of the inventory process of the estate proceeding. Her counterclaim represented a challenge to the inventory performed by Legacy Trust because she was claiming that not all the assets of the estate were identified and included. However, the dismissal of Pamela's counterclaim did not resolve all the disputes raised by the inventory. In fact, after the trial court granted

6

Legacy Trust's Rule 91a motion, Pamela filed a third amended counterclaim raising similar issues. We conclude the order granting Legacy Trust's Rule 91a motion did not dispose of all parties or issues "in a particular phase of the proceedings," nor was it logically separate from the rest of the proceedings. *See Mackie*, 193 S.W.3d at 579; *Estate of Savana*, 529 S.W.3d at 591; *see also Crowson*, 897 S.W.2d at 783; *Asafi*, 2009 WL 4346067, at *1; *Riddick v. Marmolejo*, No. 04–13–00157–CV, 2014 WL 953464, at *2 (Tex. App.—San Antonio Mar. 12, 2014, no pet.) (mem. op.) (order dismissing counterclaim was not appealable because claims arising from administration and operation of the same trusts remained pending). The dismissal also did not decide a controlling issue on which future probates rulings would depend. *See Gutierrez*, 550 S.W.3d at 310.

### III.  CONCLUSION

Because the trial court did not render a final, appealable order, we dismiss the remainder of the appeal for want of subject-matter jurisdiction. Tex. R. App. P. 42.3(a).


/s/     Charles A. Spain
        Justice


Panel consists of Justices Jewell, Spain, and Wilson.

7