**Affirmed in Part, Dismissed in Part, and Memorandum Opinion filed August 22, 2023**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00606-CV

---

### NORIS ROGERS, Appellant

### V.

### KINGSBRIDGE COMMUNITY ASSOCIATION, INC., JOHN PERTGEN, ROBERT KELLY, JEFFERY SMITH, AND KIMBERLY ROBINSON, Appellees

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 22-DCV-292225**

---

## MEMORANDUM OPINION

Appellant Noris Rogers (Rogers) filed a lawsuit against appellees Kingsbridge Community Association, Inc., John Pertgen, Robert Kelly, Jeffery Smith, and Kimberly Robinson, his homeowners' association and four individuals who served on the board of directors. Rogers alleged, among other things, that the directors failed to act in good faith. In two separate interlocutory orders, the trial court denied

Rogers' requests for declaratory relief, temporary injunction, and appointment of a rehabilitative receiver and granted appellees' plea to the jurisdiction, which dismissed Rogers' cause of action for breach of fiduciary duty for lack of standing. On appeal, Rogers challenges the trial court's rulings. We affirm.

## *Background*

Kingsbridge is a deed restricted community located in Houston, Texas. Kingsbridge Community Association, Inc. (the Association) is a Texas nonprofit corporation and the homeowners' association for Kingsbridge. High Sierra Management, a professional management company for property owners and homeowners' associations, has been the management company for the Association since 1993. Sherri Carey is the president of High Sierra.

According to the bylaws of the Association, every owner of a lot subject to a maintenance charge assessment is a member of the Association. The affairs of the Association are managed by a board of five directors, who need not be members of the Association. Once elected, the board of directors serve two-year terms. The board of directors has the power to "employ manager(s), accountant(s), bookkeeper(s), attorney(s), and independent contractor(s), or such employees as they deem necessary." In 2021, Rogers, John Pertgen, Robert Kelly, Jeffery Smith, and Kimberly Robinson were elected as the board members for the Association.

Soon after Rogers was elected, he alleged that the Association was in violation of the Texas Open Meetings Act. In an effort to address Rogers' complaints, and with the approval of the board of directors, Carey requested legal advice from the Association's attorney, Cliff Davis. Davis explained in great detail why the Open Meetings Act did not apply, i.e., because the Association was not a governmental entity. Without majority approval of the board of directors, Rogers attempted to fire Davis. Rogers also criticized Carey and High Sierra's management services. Again,

without majority approval from the board of directors, Rogers attempted to terminate High Sierra's management contract and also attempted to appoint himself as president of the board of directors. In response, the majority of the board of directors called a special meeting to vote on officers and clarified that the board of directors had not authorized Rogers to terminate High Sierra's management contract or appoint Rogers as president.

Subsequently, Rogers made a request to inspect the Association's books and records. In April 2021, he went to High Sierra's office to inspect and copy the books and records. After completing his initial inspection, Rogers emailed Carey requesting a continuation of the inspection. Carey informed him that the information was previously made available during the physical inspection of the books and records and also informed Rogers that the information was available on the homeowner portal. In January 2022, Rogers emailed Carey a letter requesting additional records of the Association. Carey accommodated Rogers' request. In February 2022, Rogers emailed Carey multiple requests to inspect or obtain copies of the Association's records. Carey informed Rogers that the requested documents had already been supplied and provided Rogers with instructions on how to obtain newly requested items.

In March 2022, Rogers initiated this lawsuit against appellees for breach of fiduciary duty and the denial of his right to inspect books and records. Rogers also sought declaratory relief and a temporary injunction. Appellees answered with a general denial and filed a plea to the jurisdiction. The trial court conducted a hearing on Rogers' request for injunctive relief and appointment of a receiver and appellees' plea to the jurisdiction. The trial court granted appellees' plea to the jurisdiction, dismissed Rogers' claims for breach of fiduciary duty against the individual board members, and denied Rogers' request for a temporary injunction and appointment

of a rehabilitative receiver. This appeal followed.

## *Discussion*

Rogers represented himself pro se in the trial court and continues to do so on appeal. We note that a pro se litigant is held to the same standards as a licensed attorney and must comply with all applicable rules of procedure, including appellate rules; otherwise, a pro se litigant would benefit from an unfair advantage over parties who are represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Liberally construed, we interpret Roger's appellate brief to raise three issues:

1. The trial court abused its discretion in granting appellees' plea to the jurisdiction.

2. The trial court abused its discretion in denying Rogers' request for injunctive relief.

3. The trial court abused its discretion in denying Rogers' request for the appointment of a rehabilitative receiver. [1]

## I. Appellate Jurisdiction

As a threshold matter, before reaching the merits of Rogers' issues, we must first address appellees' contention that this court lacks appellate jurisdiction over Rogers' first issue.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When a conventional trial on the merits

---

[1] In his brief, Rogers enumerates fourteen issues. Many of these issues were cumulative, incoherent, or not relevant to the disposition herein. *See* Tex. R. App. P. 47.1. Parsing through Rogers' issues on appeal, we are able to identify three issues that challenge the trial court's orders denying his request for temporary injunction and appointment of a rehabilitative receiver and granting appellees' plea to the jurisdiction.

4

has not occurred, "an order or judgment is not final for purposes of appeal unless it actually disposes of all parties and all claims, or unless the order clearly and unequivocally states that it finally disposes of all parties and all claims." *Gutierrez v. Stewart Title Co.*, 550 S.W.3d 304, 309 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001) ("A party may not appeal an interlocutory order unless authorized by statute.").

In this case, Rogers appealed the trial court's order granting appellees' plea to the jurisdiction. Section 51.014 permits an interlocutory appeal from an order that grants a plea to the jurisdiction by a governmental unit; however, the Association is not a governmental entity as defined in section 101.001 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 51.014(8), 101.001(3). Because Texas courts strictly construe statutes authorizing interlocutory appeals, section 51.014 does not authorize Rogers' interlocutory appeal from the trial court's order granting appellees' plea to the jurisdiction. *See id.* § 51.014 (enumerating certain rulings from which an interlocutory appeal may be taken); *see also Am. Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex. App.—Houston [14th Dist.] 1997, no writ). We, therefore, agree with appellees' contention that we have no jurisdiction to review this issue. Though appellee only challenges our jurisdiction to decide Rogers' first issue, we must also inquire into our own jurisdiction to consider Rogers' third issue, even if it is necessary to do so *sua sponte*. *White v. Schiwetz*, 793 S.W.2d 278, 281 (Tex. App.—Corpus Christi 1990, no writ).

On appeal, Rogers also challenges the trial court's order denying his request for appointment of a rehabilitative receiver. As explained above, we strictly construe statutes authorizing interlocutory appeals. *Williams*, 958 S.W.2d at 271. Section 51.014 permits "[a] person . . . [to] appeal from an interlocutory order . . . that

5

*appoints* a receiver." Tex. Civ. Prac. & Rem. Code § 51.014(1) (emphasis added). Rogers, however, is not appealing the appointment of a receiver. Instead, he is attempting to appeal the *denial* of his request to have a receiver appointed. *See id.* (emphasis added). Section 51.014 does not authorize Rogers' interlocutory appeal from the trial court's order denying his request for appointment of a receiver or the trial court's order. *See id.* Thus, absent a final order, we must dismiss Rogers' first and third issues for want of jurisdiction. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

## II.    Injunctive Relief

Having determined that we lack jurisdiction to consider the merits of Rogers' first and third issues on appeal, we turn to his remaining issue challenging the trial court's denial of his application for a temporary injunction as an abuse of discretion.

Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code permits an interlocutory appeal of a district court's grant or denial of an application for a temporary injunction. Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). A temporary injunction is an extraordinary remedy, and litigants typically are not entitled to relief as a matter of right. *Id.*; *see also Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam).

To obtain a temporary injunction, an applicant is not required to establish that it will prevail upon a final trial on the merits, but must plead and prove that (1) it has a cause of action against the opposing party; (2) it has a probable right on final trial to the relief sought; and (3) it faces probable, imminent, and irreparable injury in the interim. *Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 419 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Butnaru*, 84 S.W.3d at 204). The applicant bears

the burden of production to offer some evidence of each of these elements. *Cameron Int'l Corp. v. Guillory*, 445 S.W.3d 840, 845 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002)). The decision to grant or deny an application for a temporary injunction is within the sound discretion of the trial court. *Butnaru*, 84 S.W.3d at 204; *Walling*, 863 S.W.2d at 57. An appellate court will not substitute its judgment for that of the trial court and will not reverse a trial court's decision to deny an application for a temporary injunction absent an abuse of discretion. *See, e.g., Butnaru*, 84 S.W.3d at 204.

Assuming, without deciding, that Rogers pleaded and proved a cause of action against appellees and established a probable right to the relief sought, he is not entitled to temporary injunctive relief if he did not show a probable, imminent, and irreparable injury in the interim. *See Cameron*, 445 S.W.3d at 845; *see also Dallas Anesthesiology Assocs., P.A. v. Tex. Anesthesia Grp., P.A.*, 190 S.W.3d 891, 898 (Tex. App.—Dallas 2006, no pet.) (providing that if appellant's burden was not discharged as to any one element, it was not entitled to extraordinary relief).

Reviewing the record, appellant seems to complain that there is an ongoing conspiracy orchestrated by the directors and Carey to limit his "powers to govern" the affairs of the Association. Appellant asserts that he will continue to suffer probably, imminent, and irreparable injury because of appellees' "lack of an honest exercise of their business judgment." Other than this conclusory statement, appellant does not provide any substantive analysis showing how appellees' actions will cause him irreparable harm in the interim. *See Canton-Carter*, 271 S.W.3d at 931 (citing *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (providing that the requirement that an appellant's brief must contain a clear and concise argument that includes appropriate citations to legal authority and the

appellate record is not satisfied by "merely uttering brief, conclusory statements unsupported by legal citations").

Because Rogers failed to discharge his burden, we hold that he has failed to plead and prove a probable, imminent, and irreparable injury in the interim. *See Butnaru*, 84 S.W.3d at 204. There was some evidence to support the trial court's decision to deny the application for a temporary injunction. Accordingly, Rogers' remaining issue is overruled.

### *Conclusion*

In conclusion, we have dismissed Rogers' first and third issues for lack of jurisdiction, and we have overruled Rogers' second issue. We affirm the trial court's denial of the temporary injunction.

/s/ Frances Bourliot
Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.